This is an appeal from the District of New York. Mr. Lendley, you want three minutes for rebuttal? Yes, please, Your Honor. Okay. All right, you may begin. Mr. Lendley, you want three minutes for  rebuttal? Thank you, Your Honor. May it please the Court. Intellectual Ventures filed seven suits asserting the same five patents against different defendants in seven different courts. Six of the judges stayed the cases pending IPR and CBM review proceedings, which have now been instituted for all or part of the claims of all five patents. Only Judge Hellerstein refused. As he put it, quote, whatever is done in the patent office you do, but it is not cause to ask for delay in my court. That is my policy. If something happens in the patent office that supersedes something I do, so be it, but I don't wait for other people. The District Court's policy against stays is at odds with Section 18 of the AIA, which strongly encourages stays pending CBM reviews and sets out a four-factor test for evaluating the grant or denial of a stay. Let me ask you about our jurisdiction. Certainly. I mean, I don't have any doubt that a District Court would have the authority to enter a stay based on a threatened business method review proceeding or even the fact that a petition might be filed. But I have a more difficult time with the concept that we have jurisdiction over an appeal when no proceeding has actually been instituted. Understood, Your Honor. I think if we accept the first part of that statement, Your Honor, it concludes the jurisdiction question. The statute, Section 18b2, says this court has jurisdiction of, quote, an immediate interlocutory appeal from a District Court's decision under Paragraph 1. So the only jurisdictional question is, was the District Court's ruling a ruling under Paragraph 1? Was it a ruling on a CBM stay petition? If it is, the statute gives this court jurisdiction. Would it be your view that even to take Judge O'Malley's, pardon Judge O'Malley's question, even in a case in which the prospective petitioner, the defendant in the case, had said, I'm going to file a CBMR petition, but hadn't filed it yet, would that give the District Court and us jurisdiction over the denial of a stay? The District Court says, we'll see when you file, but I'm going to deny the stay for now. Would we have jurisdiction over that? While I think that would be a somewhat closer case, I think the answer is yes, Your Honor. And that's true for... That's already a matter. So the definition of what the statute says with respect to the District Court's jurisdiction is, does it relate to a transitional proceeding? Now the PTO in its regulations has defined the word proceeding as, quote, beginning with the filing of a petition for instituting a trial. So at that point, I think under the PTO's definition, until we file a petition seeking institution of a CBM, there's no proceeding yet. But at that point, the question in the statute is, does it relate to such a proceeding? And I think if you said, we're about to file something in the PTO, Your Honor, and we don't want to wait any longer, so let's start the stay motion, you could reasonably conclude that that stay motion relates to the proceeding that's about to be filed. But maybe I misspoke earlier. When I said I had no doubt that a District Court could entertain a stay motion, because the District Court has broad equitable discretion always to consider a stay, no matter what the circumstances are that are presented. That's different than necessarily saying that it is under these provisions of the AIA. And if you go through all of the relevant provisions of the AIA, including the ones that incorporate the post-grant review procedures, there's always a distinction between a petition seeking a proceeding and the institution of a proceeding. Absolutely, Your Honor. But I think in this case, the statute clearly confers jurisdiction at the point of the filing of the petition. And leaving aside Judge Bryson's hypothetical about acts before the filing of the petition. Okay, we do have, it's not really hypothetical. You're arguing that just threatening the filing is enough. You argued that at least in your brief. Your Honor, yes, I think we do not need to prevail on that point to establish jurisdiction here. Because jurisdiction was clearly present in the District Court under our interpretation as of the time we had filed the CBMs, which was well before the Court heard the stay motion. The Court heard the stay motion, it considered the factors under the four-factor test, and I think clearly treated this as if it were a CBM motion. But with respect to the question of when the jurisdiction attaches... That doesn't necessarily answer the question, though. I mean, because the District Court obviously has jurisdiction to entertain a stay motion separate from the AIA provision. And you don't have jurisdiction to review that. Absolutely, absolutely right, Your Honor. Even if they're applying these factors, it doesn't necessarily mean that it's getting its authority under this statute. No, Your Honor, I think... But we still really do have to look at Paragraph 1, which talks about relating to a transitional proceeding. I don't think any of this is all that clear one way or another, because it does reference petitions in part, and it does separate them out from the transitional proceeding. Did you look at the legislative history? Because I... It's a little sparse, and this may not be altogether that relevant, but there are at least statements from Senator Schumer in the record that really seem to talk about the point of this interlocutory review provision being if a District Court denies a stay when a proceeding has been instituted by the Patent Office. So clearly, they're talking about one that's actually been accepted. Then we're going to give the Federal Circuit jurisdiction to review that denial when they normally would. Now, obviously, there's all kinds of  But at least it helps me fill out the purpose in this exception to our normal rule against interlocutory review of denial of stay, and that is they really wanted us to take a strong second look at a denial of a stay when a CPM petition had been instituted. I understand that, Your Honor, and I think that it's certainly the case that that was the case for review is even stronger in those circumstances. But there are four reasons, I think, why jurisdiction attaches in this case under the statute as it is written. The first is the PTO regulation. The PTO regulations define the word proceeding as, quote, beginning with the filing of a petition for instituting a trial. But those come after the statute is written. And PTO can't confer jurisdiction on this court. Only Congress can. So that's correct, Your Honor, but this is an interpretation of Congress's statute, and the PTO's term in a statute detailing the conduct of an administrative proceeding before that office is entitled to Chevron deference under this case, court's decision in Vendor v. Dudas. And I think the PTO's regulations are absolutely clear on that point. Even if they weren't, I think looking at the statutory language also supports this for two additional reasons. The first is that if you don't interpret the term as starting with the time you file your petition, the PTO has no authority to institute, to create regulations for deciding whether to open a proceeding, to initiate a proceeding at all. So the AIA gives the PTO the authority to issue regulations establishing and implementing a CBM proceeding for review, and it asks the PTO to issue regulations determining what patents are eligible for such a proceeding, quote, to assist in implementing the transitional proceeding. Now, if the transitional proceeding doesn't start until the institution itself, the PTO has no authority under a reading of literal reading of those terms to decide what things can come in in the first place. That's a nonsensical reading of the statute. I think the only logical way to read it is that Congress was thinking about the proceeding as a whole. Third, even if that were ambiguous, the statute doesn't say you get jurisdiction on appeal only with respect to a transitional proceeding. It says it relates, anything that relates to a transitional proceeding is subject to the statute. Well, we don't know exactly what it means, Your Honor, but I guess I would suggest the following. Relate to is broad language, and it's awfully hard for me to see how a petition for a transitional proceeding couldn't relate to a transitional proceeding. That certainly seems like something that would... But the problem is you have a petition asking for a transitional proceeding, and then you have repeated language that talks about the director's authority to institute a transitional proceeding. So until they institute a transitional proceeding, there's not actually a transitional proceeding. Well, Your Honor, I think at a minimum, the petition has to relate to that transitional proceeding. But I also think both the PTO and the logical reading of the statute have to give the PTO authority to make regulations and to make rules from the outset of the filing of that petition. But under your theory, though, when you talk about logic, because that means that somebody could just file anything, even a bogus TBM, and go to the district court. The district court says, this is ridiculous. There's no way they're ever going to be instituting a proceeding, even though you're not supposed to look behind, apparently, the question of whether they will. But it's obvious on its face that there'll never be a proceeding instituted. And then you delay the whole thing by coming up here, and we automatically have jurisdiction just because something got filed. Well, but it wouldn't automatically delay it, Your Honor. If, in fact, it was a stay motion, and the case would proceed in the district court, it is true that one could appeal. And if people file frivolous appeals, I suspect this court has the authority to deal with that appropriately. But I don't think that the fact that the statute says that you can have an appeal from a district court decision under paragraph one, and district court decision under paragraph one is anything that relates to a transitional proceeding, means that you must have the proceeding actually instituted before there's jurisdiction. I note that every court to have considered this issue, both in the district court and in this court, it has implicitly assumed the opposite. In both virtual agility and Versada in this court, the court took jurisdiction of a district court appeal from a district court proceeding even though, at the time the district court acted, the CBMs had either not been instituted at all or not been fully instituted. No, not in virtual agility. The CBMs were instituted. No, Your Honor. The original petition was filed before the CBMs were instituted and the district court delayed it. But I think that on intellectual ventures theory, that district court decision would not have been relating to a transitional proceeding, and it wouldn't have created CBM jurisdiction because it was filed before the CBMs were granted. But the district court didn't rule until the CBM was initiated. That's correct. It was in the same position that we're essentially arguing to you here, which is that there wasn't a transitional proceeding to address. Your Honor, the other thing to note about virtual agility is that virtual agility affirmatively said that district courts had the power to grant stays under Section 18 before a CBM petition was granted. It said they had the authority to grant stays for the same reason that I've said before. It didn't say specifically have authority to grant stays under 18. Your Honor, the entire case arose under Section 18. Well, that's because the proceeding wasn't instituted. That's correct, Your Honor. But I think the question of jurisdiction seems to me to attach directly on the question of when the decision is made under Paragraph 1. In this case, the district court made a decision under Paragraph 1. In virtual agility, the district court made a decision under Paragraph 1. The court in virtual agility here was talking about the authority of judges under Paragraph 1 to make decisions, and it said there are various things you can do. You can decide to grant a stay even before the CBM petition is instituted. You can wait and see. You can tell the parties to come back later. The one thing it didn't say... When you keep saying that the district court made a decision under Paragraph 1, you're presuming the answer to our question. Understood, Your Honor. If our interpretation of Paragraph 1 is correct, that it only applies after transitional proceedings are supposed to. I'm not saying one way or another. I find this baffling. But if the interpretation we're offering as a hypothetical is correct, then the district court, even if it says they're making the determination under Paragraph 1, isn't making a determination under Paragraph 1. It wouldn't be allowed to do so. Your Honor, I think that set of statements is logically, internally consistent. I guess what I would say is I don't think that it actually comports with either the statute or the regulations interpreting that statute. Could I segue into the merits? Please, Your Honor. The first thing I want to get from you is what is, in your view, the pertinent time to look at... When we're reviewing the district court's denial of a stay, what's the pertinent time to look at? I take it from your brief that we look at the time of the application for a stay for purposes of determining how far along the case had gone. But for determining what the state of play is in other respects, isn't it the date that the district court actually makes its decision? What this court has said is that for purposes of the second factor, how far along is the case, it's the date of application. So the district court can't wait until the day before trial and say, well, stay is denied. Right. Understood. But the critical question for me is, isn't it the case that when we're reviewing, trying to decide whether the district court has made an error or not in denying the stay, we look at the state of play with respect to what's going on in the PTO as of the date of the decision. We disregard everything that's happened after that. No, Your Honor. I think interestingly what this court has said in both Virtual Agility and Versada is we can and do take judicial notice of PTO decisions that occur afterwards. We've taken judicial notice. But what if we are trying to say that the district court, review the district court's determination. Suppose, for example, there had been no petition, no petition had been instituted. And as in the case we were talking about earlier, and the district court said, of course I'm not going to grant a stay. And then an appeal was filed. And in the time between the district court's decision and the time the appeal is heard, not only does the PTO grant the petition, they also decide it in favor of the defendant. Does that make the district court's ruling erroneous? I think it indicates that the district court's opinion should be reversed. Part of that I think relates to this. Wouldn't the right way to handle that be to say we affirm the district court without prejudice to you going back and making an argument now as to the changed circumstances? Your Honor, I think that's not what this court has said. What this court has done is said we will take account of what has happened in the PTO sense. That may be bound up with the question of standard of review. The question is not did the district judge abuse his discretion, and I believe, but this case is at least potentially subject to de novo review. It may be subject to de novo, whatever that means. It's a good question, Your Honor, although I guess what I would suggest is that the fact that they mentioned de novo review and only de novo review in the statute has to mean something. If you just apply a traditional abuse of discretion standard, that language is rendered nullity. The statute also says that the point of having the appeal is to ensure consistent application of precedent. That also would be furthered only by de novo review. Particularly here when the same patents, the same party filing the lawsuit, six judges go one way and only Judge Hellerstein goes the other way. Why does that matter? Why does it matter that there are other cases out there that have handled this case? For two reasons, Your Honor. I think at first it's indicative of the fact that Judge Hellerstein's decision here is outside the norm and even if one were to apply an abuse of discretion, I think he abused that It's also specifically relevant to factors What makes the facts so different in those cases? I mean there were different patents and there were different proceedings. There were not different patents, Your Honor. They were the same patents that were at issue. There are 15 All of the IPRs and CBMs filed by multiple parties are the same set of IPRs and CBMs at issue in all of the cases. The only ones you have filed are the CBMs. That's correct. And the other parties have agreed effectively by filing them, if I understand it, to be bound by the consequences You, as I understand it, have not. Well, no, Your Honor. Except for the CBMs. You're not bound by the IPRs. Each party that files a petition is bound by the consequences of that petition Which is why it didn't file, right? Well, no, Your Honor. So we filed a CBM because we filed on section 101 grounds. We filed on section 101 grounds immediately after Alice when we decided that there were grounds to do so on section 101 for some of these patents. Now, the Intellectual Ventures alleges that we've engaged in a conspiracy to allocate. That is an absolutely false statement. Well, it may not be a conspiracy, but you've elected not to be bound by those IPRs. Is that correct? Your Honor, we didn't file the IPR. Your position is that you're not bound. That's correct. Tell us now that you will not be bound. Go ahead. Feel free. It is correct that we did not file the IPRs and therefore we will not be bound. And you are now taking the position that you will not be bound. Right. We will be bound by the CBM proceeding. That seems to me to be a factor that is legitimate for the district court to take into account in deciding whether the IPRs filed by others that bind them, you should be the beneficiary of those. Absolutely, Your Honor, but I will note that the district court did not, in fact, take that into account. The district court said, oh, well, any benefit is speculative. And in this case, because this court has said we look at the subsequent acts of the PTO, as it stands before us, all or part of the claims of all five of the patents have been granted, IPRs have been granted, and there's a substantial likelihood that almost all of this case will go away as a result of IPR proceedings. Well, one of the patents, I guess, has one claim that was granted, which has been cancelled. And they have cancelled it, and has also a CBM proceeding pending on that claim. But in your brief, you say, well, you think that it's likely that the CBMs will be granted? Why? Because I believe our arguments would be correct. All right. I mean, it's likely. We do not have any evidence from the PTO that causes us to believe that. But there's no other reason other than... No, Your Honor. ...that the CBMs are likely to be granted. That's right. But I would say this, Your Honor, that even if the CBMs were to be denied, the state of play right now is that the majority of all the claims at issue in this case are subject to instituted IPR proceedings, which means the PTO has decided that there's a reasonable likelihood those claims are invalid. There is no prejudice whatsoever to intellectual ventures under this court's ruling in virtual agility. And the case was in its infancy as of the time we filed the motion. And so even if you were to conclude that you thought the CBMs were going to be denied, the factors set out in Section 18, I think, line up pretty strongly in favor of granting a stay. And Judge Hellerstein... Sorry, Your Honor. Yeah. Can I ask a question? It's slightly different. But assume that we agree with you on some points and disagree on others. So assume we agree that the mere filing of a petition is enough to give us jurisdiction and that we're looking at the factors under the CBM provision. But that we disagree with you that that brings with it all of the other IPR proceedings and our ability to consider the denial as it relates to the existence of the other IPR proceedings, that we disagree that your 1292B certification cases really would match up in this context. So all we're left with is the CBM petition. Would that alone justify a stay? It would justify a stay. It would certainly make our case harder. But I think when you couple it with the fact that the case is in its infancy, that there is no prejudice, and to return to the legislative history of Senator Schumer, the indication there that the intent of Congress was that it would require an extraordinary and extremely rare set of cases, I think the answer is there ought to be a stay. Again, that legislative history is related to the comments he made. It's extraordinary to deny a stay when a proceeding has been instituted. Understood, Your Honor. I think that, to me, the problem with your merits argument here is that at least as I read this, the whole point of this de novo review was probably to make sure that the district courts granted stays when the proceedings had been granted. But it's a far harder question for me whether we're going to apply de novo review before the proceeding has been granted or whether we would apply a more deferential standard of the district court on just the possibility of CBM review warranted. Understood, Your Honor. Although I think that even under that more deferential standard, we ought to prevail under the fact of this case. Now, to do that, I do have to respond to Judge O'Malley's point, because I think it is absolutely right to say that we have to include the full state of affairs. The statute talks about staying an action because of a pending CBM proceeding, not staying the parts of an action that are subject to CBM review. It would be, I think, nonsensical for the courts to say, well, I can't look at the entirety of the action in deciding whether it's appropriate to grant a stay. So I think it's both in the district court, but also in this court, it is incumbent on the court to look at the entire state of play in deciding whether or not a stay is appropriate. And that state of play includes the fact that IPRs have been granted on a majority of the patents here. Okay. We're way over. We're good. Thank you, Your Honor. Good thing we only have three on YouTube. We never get much. Okay. We're going to restore your three minutes of rebuttal. We've got about an extra eight minutes. I'll do my best not to use it. May it please the Court, Eric Citron for Intellectual Ventures. When the district court was asked to grant a stay in this case, there were no proceedings of any kind that had been instituted with respect to four of the five patents at issue. Well, that brings us to the question that I guess I was the one that asked Mr. Lindley, and that is as of what date do we look at the correctness or not of the district court's order? Mr. Lindley says today or if we decide this case next week, next week, or if we decide this case in five months, five months from now. It does appear that this court, at least in Calidas, and I think there's a reference in virtual agility, to the events that transpired after the district court's ruling. What's your take on that question? I'd like to answer it in two ways. I think the right approach is the ordinary rule, which is when you're reviewing what a district court has done, you review the record before the district court. That's the only thing that's fair to the district court and it's the only way that the record is actually appropriately built for an appellate proceeding. But I think also the question indicates that this appeal is premature for the reasons that we say, both jurisdictionally and on the merits. Because it's precisely by coming up here before we have a CBM grant, before we have a fixed star, that we end up in this position of trying to take account of things that are happening in the middle of the proceeding. I'll tell you, the same thing could happen if you had a grant and additional grants came in and so forth. In this case, had there been one grant, actually I guess there was one grant prior to the district court's order. It happens that there have been a number since. There would be jurisdiction at least with respect to the granted petition, right? That's right. If it had been a CBM grant. I understand it wasn't CBM, but had it been a CBM, there would be jurisdiction. That's right, but I think that suggests also that there's an element on the merits of prematurity as well. What Versada says in so many words is that it is appropriate for a district court to wait and see what happens at the PTAB before deciding whether it's going to do PTA proceedings in the case or not. That would apply even if it wants to see what happens in some other IPR proceedings or CBM proceedings after one has been granted, because it wants to know what the landscape is before it decides how to go forward, and that certainly facilitates appellate review in this court. Otherwise, you're going to have situations like, I don't want to be extreme about it, but on Friday, we expect the first determination from the PTAB about one of the CBM proceedings in this case, which means that if this court were to write an opinion tomorrow, it might already be outdated on the next day. This is the problem that comes from having appellate jurisdiction attached to the mere filing. Do you agree that in the normal court, if a stay is denied based on the filing of a petition, but then a CBM is granted, that the party who lost the stay petition could go back to the district court and then renew the motion for stay? Absolutely. That's the reason Goldstein says. If, in fact, a CBM is granted, say Friday or whenever, because we've deprived the lower court of jurisdiction over those questions, could they go back and renew the motion for stay at that point? I think that's a complicated question. It suggests that what this court should do is not deprive the district court of jurisdiction so that it can make the first instance determination about what kind of stay it would institute. That's why I think the better reading of the statute, although I agree with Judge Hughes, it can be read maybe both ways, the better reading is that appellate jurisdiction attaches only after there's a CBM grant. What do you do with the language relating to? Sure. I think what the right way to understand the language relating to is that it allows you one-step removal, not two-steps removal. This is a case where they want to say we have a petition for a CBM stay that relates to a proceeding and then we have a petition that relates to the proceeding and then we have a request for a stay that relates to the petition, that relates to the proceeding, and so it all relates to the proceeding. What do you mean by two-step removal, one-step removal? So what does relating to mean? I think relating to would have to be relates to an actual instituted proceeding. But couldn't the language have been much clearer if that was the case? Couldn't Congress have simply said if you seek to stay a proceeding upon institution? It could have been clearer either way. Like I said, you could read it that way but it's not the better way to read it. This problem comes up a lot in Supreme Court cases about ERISA where they talk about the breadth of relating to and they say literally everything relates to everything. You can read it as broadly as you want. What you want to do is talk about the purposes of the statute. And the purposes of the statute here are better served by having appellate jurisdiction attached only after a CBM grant exists because otherwise, as they admitted, you're going to be taking their word for it that it's a meritorious CBM petition that has any prospect of being granted. Conversely, I think as your questions about Senator Schumer's statement suggest, what you really wanted was a determination from the PTAB that it was more likely than not that a claim was going to be cancelled, which is only true in CBM review, not for IPR review. And once you have that determination, that's where you no longer want to leave it up to the discretion of the district court unfettered by any appellate review whether to grant a stay or not. But until we reach that point, and there actually is a grant, all we have is a filing, a mere piece of paper from the party that wants a stay. And that's going to ensure... Let's say that we have jurisdiction on the merits. One of the things that bothers me the most is, Mr. Lumley quoted a lot of these statements, that the trial court, what we're supposed to do is review and exercise of discretion. It appears that the trial court didn't exercise any kind of discretion here. The trial court decided in advance that it was never going to grant a stay on anything and that was the end of the inquiry. I think the appropriate place to look for Judge Hallerstein's reasoning is his order. I think there's a lot of quotes from things he said at status conferences. We wouldn't expect Supreme Court review of what happens in this court to happen based on what gets said in oral argument by judges. And I admit Judge Hallerstein is more dispositionally disinclined to stay than most judges. But this is the kind of case management decision that is left to the discretion of the district courts. It's not odd that they would have different instincts. And it's not at all objectionable. It's in fact vulnerable that the district court wants to move the cases forward. But if we were in a different situation and this had all happened after the institution of the proceeding and he had still refused to stay it and just said I'm not going to stay this case no matter what the I think we'd probably be looking at a far different posture than we are now in looking at whether we defer or not. Absolutely because I think then the decision not to take account of the facts would demonstrate error with respect to all of the prongs of AIA section 18 or the stay standard that governs discretionary stays which certainly had discretion to enter. I agree with Judge O'Malley. We're not arguing at all that the district court has jurisdiction to enter a stay. The district court has jurisdiction to enter a stay at any point. That is much more to his discretion. But if there were a CBM grant I'm not suggesting an order setting forth I don't grant stays would be unobjectionable. Let me ask you to clarify something that I'm not sure I heard right but I just want to make sure. I think earlier in response to a question you alluded to the question of whether the district court would have ongoing jurisdiction over the case while an appeal from the denial of the stay was pending. Surely the district court would have ongoing jurisdiction to handle matters in the case, correct? I suppose that's right because this is just an interlocutory. It's not an appeal order. Preliminary injunction. That's right. But you would not want to find yourself in the situation where this proceeding could be mooted by something that was happening in the district court. Right, but that's when the court of appeals can grant a stay of the district court proceedings if it's applied for and granted if the urgency is set. The normal course I take it would be that things keep going in the district court notwithstanding the appeal. Unlike appeals from a final order where the mandate moves from the district court to the court of appeals upon the filing of a notice of appeal, right? That's right. But in your typical 1292B certified order situation you wouldn't expect the district court to entertain a motion for reconsideration of the order that's being appealed on 1292B even if there were dissent. I might not expect it, but I'm not sure would there be any prohibition against it. I suppose not, but it's an indication, right, that if you have a situation where the district court doesn't even have discretion not to entertain that kind of order, you have a jurisdictional problem. And I just want to point out, you don't have to take my word for the fact that this is they could go back to the district court and seek a stay. They say if they don't get the stay and they later obtain a CBM grant, they are going back to the district court and coming back here to ask for a different result. But let me ask you, there was something interesting that Mr. Lemley said that I didn't really pick up from the brief, but that I think could be meaningful here, and that is if we agree that we have jurisdiction at least as it relates to a CBM petition, based on a CBM petition, even if we think we wouldn't have jurisdiction to review a denial of a stay that was based solely on a post-grant proceeding, wouldn't it still be true that in reviewing the merits of the CBM ruling that we can't ignore the overall picture of the case so that even if we disagree with Mr. Lemley that his 1292B case would give us independent jurisdiction, it doesn't matter because how can you turn a blind eye to what's going on in the entirety of the circumstances? This is a fine point, so I just want to make sure I say it clearly. I agree this court has to make a real world determination based on the facts surrounding the litigation, and so if it's true that some of the patents are subject to IPR proceedings that have been instituted, the court wants to take account of that. It should note also that the IPR standard is much lower than the CBM standard. It's akin to probable cause, reasonable likelihood of it being canceled. Not CBM, like in Versada, where the PTAS already decided it's more likely than not. But you have to take account of the real world facts. In order to reverse the district court, there needs to be error in the decision respecting CBM review. If you think there's no error, that it was appropriate for him to wait until the PTAS had actually granted on the merits, then the fact that there are other facts that support a stay aren't going to be enough to allow you to reverse. Otherwise, what we have is just a bootstrap IPR stay appeal. Because all they're saying is, in his purely discretionary review of whether or not to grant a stay respecting IPRs, he erred. He should have said these IPR proceedings are enough. That's not the kind of thing that Congress wanted to grant, precisely because the standard is lower and we don't have the same certainty that it's more likely than not that some claim is going to be canceled. If there are no further questions. Okay. Thank you. Mr. Lively? Thank you for the time back, Your Honor. I'd like to make just a couple of points. I have just a practical question. I mean, there's a lot of difficult issues here, but if we're going to get decisions from the PCAP on these CDMs within the next days or months, probably before we can get a decision out, does it really matter what we do here? Because if the CDM proceedings are instituted, you're going to go back and ask for a stay anyway, based upon the instituted proceedings. I guess I would like to do that if I have no other choice, Your Honor. We did not say in the brief that we would do that. What we said was that if this Court concludes there is no jurisdiction over this appeal, then we would, of course, have to have, there ought to be jurisdiction at some later point. But as I understood it from Judge Hellerstein, he didn't say come back if there's a CBM. He said you're done. You certainly have the right to go back if there's a CBM, and if he denies it again, then you're going to be up here again. I guess you want to short-circuit that and reverse him based upon his ruling before the proceedings are instituted. I guess I would say, Your Honor, that the point of having a proceeding that allows for stays is lost if the answer is we're going to have to go back down, have him deny because he's got a policy against stays, and then come back up again, even with some effort to expedite this appeal. It still took us six months to get here. Meanwhile, we're all spending a lot of unnecessary money. The point, it seems to me, of the stay proceeding is to avoid that. If, in fact, you were to conclude that what's critical is that the CBM be granted, then you could, this Court could certainly wait until February 3rd. It's not actually this Friday. That date is inaccurate. But February 3rd, both of the CBM decisions are due. This Court could certainly wait and say if the CBMs are instituted, de novo review is appropriate, taking account of later PTO rulings is appropriate, and a stay is now appropriate. But I think to send it back and say let the District Court exercise his discretion once again presupposes that that's what the District Court is doing. And if you look at A-9 in the record and what the Court actually says, can't we I mean, I find it troubling, the suggestion that we can just wait and see what the PTAB has done and then just make our own kind of de novo determination on that stay. It seems like at most we would, if those decisions happen before we get an efficient we're going to come to a decision on the stay, and even if we agree with his denial that he didn't abuse his discretion there, we would know that we take judicial notice of this and would probably suggest that it can be reconsidered. I understand, Your Honor. I don't think that waiting is the appropriate thing to do. I think it would set a bad precedent in general for CBM review. But I think at a later time it would potentially change the factors. So be clear about the state of play now. I know it's fluid, but maybe not as fluid as we thought before. I'm thinking at the end of the week something would change. But soon there will be some new information here. But right now as we sit here, there is no, if I understand correctly, there is no CBM proceeding that has been granted with respect to any claim of any patent that is still in the case. Is that correct? That's correct. There are IPR proceedings that have been granted as to all of the claims of three of the patents and some of the claims of two others, and indeed one of those claims has already been canceled by an intellectual venture. Wasn't there one patent as to which there were no pending IPRs? The 084 patent has no pending IPRs. IPR has been granted as to some but not all of the claims. So some part of one of the five patents Some part of one of the patents will survive. The question is not whether the case will go forward, but whether the case will go forward in a much diminished form. Exactly, Your Honor. Whether we'll simplify the issues in question and streamline the trial, whether we'll reduce the burden on the parties and the court, which are the factors  that determine whether the cases will be submitted. The court is adjourned.